CASPAR GOLDERMAN *vs.* CHARLES STEARNS & wife.

An action of slander for charging a man with having the venereal disease, and, with that disease upon him, contracting marriage, and communicating the disease to his wife, cannot be maintained, if the plaintiff immediately after his marriage had the disease in fact, even by proof that his wife, whom he married without knowing that she had the disease, communicated it to him.

SLANDER. "And the plaintiff says, that the female defendant accused him of having had a loathsome venereal disease, and, with that disease upon him, having contracted marriage, and given the disease to his wife, by words spoken of the plaintiff, who was then and there lately married to his wife, substantially as follows: ' Golderman has the venereal disease. It is an old affair, and being married has brought it on again. He is the guilty one. He has given it to his wife.' "

At the trial, the plaintiff introduced evidence tending to prove the words and colloquium set forth in the declaration, and rested his case. The defendants then introduced evidence that imme-

diately after marriage the plaintiff had such disease in fact, and claimed that this made out a justification.

The plaintiff then offered to prove that, being a widower, and the father of adult children, he married a woman who had the disease, of which fact he was then ignorant, and, immediately after the marriage, took the disease from his wife, and thereupon sent her away from his house, and had not lived with her since.

But *Metcalf,* J. ruled, that if the jury were satisfied that the plaintiff, at the time of the speaking of the words set forth in his declaration, had the disease in fact, it would be a sufficient justification, and the evidence offered by the plaintiff was immaterial. A verdict was taken for the defendants, and the plaintiff alleged exceptions.

*B. F. Butler,* for the plaintiff. The words spoken impute to the plaintiff a loathsome disease, involving, with the colloquium, and the innuendoes justly to be inferred, great moral turpitude, which would cause him to be shunned by all mankind, and are therefore actionable. Vin. Ab. Libel, A. *Miller's case,* Cro. Jac. 430. Truth is a justification, but it must be as broad as the charge. *Skinner* v. *Grant,* 12 Verm. 456. *Weaver* v. *Lloyd,* 2 B. & C. 678. The defendants' evidence was not so; but only proved that he had been injured and deceived; it showed him to be an object of pity, instead of an object of contempt.

*J. G. Abbott & G. A. Somerby,* for the defendants.

METCALF, J. The charge against the plaintiff of his having the venereal disease is held to be actionable for the same reason that a charge of his having the leprosy or the plague would be; not because the charge imputes any legal or moral offence, but solely because it tends to exclude him from society as a person having a disgusting and contagious disease. Hence it is, that to charge one with having had the disease is not actionable; such charge not tending to exclude him from society as a person with whom it is unsafe to associate. March on Slander, (ed. of 1674,) 77, 78. *Crittal* v. *Horner,* Hob. 219. *Bloodworth* v. *Gray,* 8 Scott N. R. 11. *Carslake* v. *Mapledoram,* 2 T. R. 473. 3 Bl. Com. 123, note by Christian. 2 Dane Ab. 568.

The jury having found that the plaintiff, when the charge against him was made, had the venereal disease, there remains no ground on which this action can be maintained; for the truth of the charge is a justification.

Doubtless such a charge as the plaintiff complains of may be accompanied with words that necessarily impute adultery or fornication, either of which is an offence punishable by the laws of this commonwealth. In such a case, the charge would be actionable. But, in the present case, the words which were added to the charge of the plaintiff's having the disease did not impute any punishable offence. They only asserted that the plaintiff, while a widower, was diseased, and, after his marriage to his present wife, communicated the disease to her. The allegation, that he was "the guilty one," means that the disease was communicated by him to her, and not by her to him. It does not import that he contracted the disease guiltily; that is, by committing adultery or fornication. Nor does the plaintiff's declaration aver that any punishable offence is imputed to him by the words spoken.        *Judgment on the verdict.*